Doris E. LIGGETT, Appellant,

v.

Edwin P. KNAPP, Francis Mercer and
George E. Vey, Appellees.

No. 412.

Supreme Court of Alaska.

May 21, 1964.

Warren A. Taylor, Taylor & Bullerwell,
Fairbanks, for appellant.

Charles E. Cole, Fairbanks, for appellees.

Before NESBETT, C. J., and DIMOND
and AREND, JJ.

DIMOND, Justice.

This is an appeal from an order of the
superior court denying appellant's motion
to reinstate this action following dismissal
for want of prosecution under Civil Rule
41(e).

Appellant commenced this action on July
5, 1961. On December 21, 1962 the court
called a calendar of cases that had been
pending for more than one year without
any proceedings having been taken therein.
This case was on the calendar, apparently
because no action had been taken to effect
service of process on two of the appellees
for more than one year. Appellant's coun-
sel was notified on or about December 22,
1962 that unless certain papers were filed
within 30 days,[1] the action would be
dismissed on January 25, 1963 under Civil
Rule 41(e).[2] No papers were filed within
the time allowed and dismissal of the action
was ordered on January 26, 1963. Appel-
lant's motion to reinstate the action was
filed on June 26, 1963, and was denied by
the court on July 10, 1963.

Appellant argues that the judge had no
right to dismiss the action, but was required
by statute to grant a postponement because
appellant's counsel was a member of the
Alaska Legislature and was in the state
capitol attending to legislative duties on
January 26, 1963. Appellant relies upon

1. The nature of the papers required to be
filed does not appear from the record.

2. Civ.R. 41(e) provides:
   "*Dismissal for Want of Prosecution.*
   Actions which have been pending in a
   court for more than one year without any
   proceedings having been taken therein
   may be dismissed as of course, for want
   of prosecution, by the court or on motion
   at a call of the calendar. Such cases
   may also be dismissed for want of prose-
   cution at any time on motion of any party
   upon notice to other parties."

AS 24.40.030 which provides in relevant part:

"The trial of a civil action, or proceeding in a court * * * or the hearing of any motion or other proceeding shall be postponed when it appears to the court * * * before which the action or proceeding is pending that either a party, or an attorney of record * * * is a member of the legislature of this state and that the legislature is in session * * * or that a legislative interim committee of which he is a member is meeting * * *. When the legislature is in session * * * the action or proceeding shall not, without the consent of the attorney of record, be brought on for trial or hearing before the expiration of 30 days following final adjournment of the legislature * * *. When a legislative committee is meeting * * * the action or proceeding shall not, without the consent of the attorney of record, be brought on for trial or hearing before the expiration of the period necessary following the adjournment or recess of the committee meeting as the court finds is reasonably necessary to enable the member to reach the place of trial or hearing * * * from the place of the committee meeting, unless at the expiration of that period the legislature is to be in session; and in that case the action or proceeding shall not, without his consent, be brought on for trial or hearing before the expiration of 30 days next following final adjournment * * *."

■ The statute calls for a postponement only "when it appears to the court" that counsel is a member of a legislature that is in session or of a legislative committee that is meeting. The quoted words mean that if counsel desires the benefit of the statute he is obliged to inform the court of facts which bring the statute into play. He must advise the court that he is a legislator, that on certain dates he will be required to attend to legislative duties, and that under the provisions of AS 24.40.030 he is entitled to a continuance of a matter which the court has scheduled for hearing.

■ In this case counsel for appellant took no action to invoke the privilege accorded him by the statute until long after the time for taking the necessary action had expired. He had ample opportunity to inform the court of facts which might have called for application of AS 24.40.030. Notification was given to counsel on December 22, 1962 that the action would be dismissed if certain papers were not filed within 30 days. Twenty-six days after this notice had been given counsel left for the state capitol to attend to legislative duties. In that 26 day period counsel did not advise the court that by reason of his status as a legislator he was entitled to the benefit of AS 24.40.030. The court was not advised of the circumstances relating to counsel's legislative functions until June 26, 1963, five months after this action had been dismissed. It was too late then for counsel to claim the benefit of the statute.

The court did not err in dismissing this action. The judgment is affirmed.